**Clarence Duke McGANN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, and various Agencies of the Government of the United States, to include but not limited to those named defendant,**

United States Central Intelligence Agency, United States Department of Justice, United States Bureau of Prisons, United States Board of Parole, United States Office of the Comptroller, the State of Florida, the State of New York, the N.Y.S. County District Attorney's Association, Defendants–Appellees.

No. 00–6154.

United States Court of Appeals, Second Circuit.

Feb. 15, 2001.

Clarence Duke McGann, Bronx, NY, pro se.

Lisa R. Zornberg and Gideon A. Schor, Assistant United States Attorneys; Mary Jo White, United States Attorney, Southern District of New York, New York, NY, for appellees.

Present JOHN M. WALKER, JR., Chief Judge, PARKER and KATZMANN, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Clarence Duke McGann appeals from a November 30, 1999 judgment of the district court granting dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). In his complaint McGann sought an order, *inter alia*, (i) declaring his 1971 extradition from Jamaica to the United States for parole violation, along with his subsequent conviction for the violation, null and void, and (ii) overturning his 1982 and 1983 narcotics and weapons possessions convictions in New York and Florida, respectively. On appeal, McGann argues that the district court erred in dismissing his action without first holding an evidentiary hearing.

The factual bases underlying McGann's suit are difficult to decipher from a reading of his complaint and his supporting papers. Nonetheless, we understand McGann to allege that the Central Intelligence Agency of the United States conspired with other federal and state agencies to cause his extradition from Jamaica, his subsequent imprisonment for parole violation, and his state court convictions. JA 11–18.

Following the government's motion to dismiss, the district court forwarded the matter to Magistrate Judge Pitman. In a thorough report and recommendation dated November 5, 1999, Judge Pitman recommended that the case be dismissed. The district court adopted the report and recommendation in full in an order dated November 29, 1999.

For the reasons set forth in the Magistrate Judge's report and recommendation, we hereby AFFIRM the judgment of the district court dismissing the action.